In the Matter of the BAR ASSOCIATION OF ERIE COUNTY, Petitioner, v. THOMAS D. POWELL, an Attorney, Respondent.

Fourth Department, May 16, 1963.

*John B. Walsh* for petitioner.

*Edward K. O'Shea* for respondent.

*Per Curiam.* Respondent was admitted to the Bar by this court on June 28, 1938. This proceeding was commenced by verified petition containing numerous charges of professional misconduct. Thereafter the matter was sent to an Official Referee who conducted hearings and has filed his report and supplemental report finding respondent guilty of the hereinafter discussed and other charges.

There is overwhelming proof of acts of professional misconduct. In 1954 one Donald Brown was sued as the result of a dispute with one Gangloff over a building contract. He retained respondent and delivered the summons and complaint to him. Respondent failed to serve an answer and a default judgment was taken against Brown who was compelled to deposit $5,000 in cash as security pursuant to an order opening the default. After lengthy litigation judgment was entered against Brown. (Cf. *Gangloff* v. *Brown*, 6 A D 2d 753, 12 A D 2d 732.) The amount thereof was paid out of the deposit and in February, 1960 a check for the balance ($2,888.24) was given to respondent. He has never accounted therefor to his client although the fund was created in the first instance through the negligence of respondent. Over a period of years the client has pursued respondent for an accounting. Respondent claimed at one time

to have lost the check. At preliminary hearings before the Grievance Committee of petitioner he promised to send a statement to Brown but failed to do so. Finally at the hearings herein he asserted the amount was due him for services but admitted he had not sent a statement or otherwise accounted to the client.

In June, 1953 respondent was retained by one Stephanie Peters to bring an action for damages for the death of her daughter as the result of the claimed negligence of third parties. Respondent failed to obtain letters of administration and commenced no action. The cause of action was outlawed by the running of the Statute of Limitations. In 1957 Mrs. Peters commenced a malpractice action against respondent for his failure to proceed in the death action. Respondent eventually settled the action with Mrs. Peters for $6,500 but did not make final payment thereof until shortly before this proceeding was commenced.

One Mary Challgren died in December, 1960 leaving a will in which respondent was named as executor. The sole legatee was a daughter of the testatrix. The principal asset of the estate was a bank account in the sum of $4,124.86. Within six months after the qualification of respondent as executor he had withdrawn $4,000 from this estate account and deposited the amount in various of his accounts, special or personal. Upon the hearing respondent testified that he couldn't " honestly say " that he knew whether the money had been used for his personal needs. He " assumed " part of it was so used. We agree with the finding of the Referee that respondent appropriated the $4,000 to his own use. A year after the death of testatrix and at the time of the commencement of this proceeding the funeral and hospital bills remained unpaid. Other assets were in the joint names of testatrix and her daughter. Respondent refused to deliver these to the daughter and it was necessary for her to retain a lawyer to obtain possession of them. After the commencement of this proceeding respondent made restitution and the estate was closed.

These established charges clearly demonstrate that respondent is unfit to practice law. He has neglected the affairs of his clients to their damage and has failed to account for moneys received by him and has appropriated to his own use moneys held by him in a fiduciary capacity.

Respondent should be disbarred.

WILLIAMS, P. J., BASTOW, GOLDMAN, McCLUSKY and HENRY, JJ., concur.

Order of disbarment entered.